**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID GORDON OPPENHEIMER,

               Plaintiff,

v.

MARINALIFE, INC.,

               Defendant.

Civil Action No.:

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendant MARINALIFE, INC. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer" or "Plaintiff") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106, 1202, for the unauthorized reproduction, display, and distribution of his original, copyright-protected Work, and for removing and/or altering Plaintiff's copyright management information ("CMI") and distributing copies of the Work knowing that Plaintiff's CMI had been removed or altered.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC as the primary outlet to sell prints of his works in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His works

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

have been featured on National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports and on display at the Museum of the City of New York.

3.      Defendant MARINALIFE, INC. ("Marinalife") was, at times relevant to this action, a Baltimore-based boating technology and media company that connected boaters with marinas through digital tools, travel resources, reservation services, and related print and online publications. Upon information and belief, at times relevant to this action, Marinalife maintained, operated, controlled, published through, and/or distributed digital media, publication, and promotional channels, including Marinalife Magazine and the online publication account through which the Fall 2019 issue of Marinalife Magazine was published on Issuu.

4.      Oppenheimer alleges that Marinalife reproduced his copyright-protected Work in order to advertise, market, and promote its business activities.  Marinalife committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of Marinalife's business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Marinalife is subject to personal jurisdiction in Maryland.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and 1400(a) because the events giving rise to the claims occurred in this district, Marinalife engaged in infringement in this district, and Marinalife is subject to personal jurisdiction in this district.

## DEFENDANT

9.      Marinalife, Inc., upon information and belief, is a Delaware corporation registered to do business in Maryland, with a principal office and/or business address at 1215 E. Fort Ave.,

Suite 200, Baltimore, Maryland 21230, and/or 125 West Street, Suite 201, Annapolis, MD, 21401, and can be served by serving its Registered Agent, Colleen Kline, at 100 S. Charles Street, Suite 1600, Baltimore, MD 21201.

## <u>THE COPYRIGHT-PROTECTED WORK AT ISSUE</u>

10.     In 2013, Oppenheimer chartered a piloted helicopter with its rear doors removed for an aerial photography flight, during which he created the aerial photograph with the contents title "*SC-August-2013-2_OPP5740.jpg*," which is shown below with its accompanying caption and referred to herein as the "Work."



**Charleston Harbor Resort & Marina and Charleston Harbor Fish House restaurant while flying in helicopter over the USS Yorktown aircraft carrier at Patriots Point Naval & Maritime Museum in Mount Pleasant, South Carolina - © 2013 David Oppenheimer – Performance Impressions Photography Archives**

11.     Prior to his first publication of the Work, Oppenheimer applied and published the Work with multiple forms of CMI, including visible CMI in the image watermark, embedded CMI in the image metadata, and CMI in the caption accompanying the Work. This CMI identified Oppenheimer as the author and copyright owner of the Work, including the notice "© 2013 David

Oppenheimer," Plaintiff's name, and attribution to Performance Impressions Photography Archives.

12.    Upon information and belief, Marinalife copied, reproduced, distributed, and/or displayed the Work after Plaintiff's visible, embedded, and/or accompanying CMI had been removed, altered, cropped, omitted, or suppressed.

13.    Oppenheimer registered the Work with the Register of Copyrights on August 31, 2013, and was assigned registration number VAu 1-142-190. The Certificate of Registration is attached hereto as **Exhibit 1**.

<u>**INFRINGEMENT BY MARINALIFE**</u>

14.    Marinalife has never been licensed to use the Work for any purpose.

15.    On a date after the Work at issue in this action was created, but prior to the filing of this action, Marinalife copied and reproduced the Work.

16.    On or about June 5, 2023, Oppenheimer discovered the unauthorized use of the Work in the online edition of Marinalife's Fall 2019 magazine issue published through Issuu.

17.    The Work appeared in the Fall 2019 issue of Marinalife Magazine, including in the online edition published through Issuu, and in the printed magazine. Plaintiff obtained a physical copy of the Fall 2019 issue and confirmed that the Work appeared in the print edition. Upon information and belief, Marinalife distributed print copies to marinas and other locations throughout the United States, Bahamas, Caribbean, Central America, and Canada.

18.    Marinalife copied the Work without Oppenheimer's permission.

19.    After Marinalife copied the Work, it reproduced, distributed, and displayed the Work online through Issuu and in the printed Fall 2019 issue of Marinalife Magazine to promote the sale of goods and services as part of its boating technology and media business.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

20.     Marinalife copied and distributed Oppenheimer's copyright-protected Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

21.     Marinalife committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

22.     Oppenheimer never gave Marinalife permission or authority to copy, distribute, or display his Work for any purpose.

23.     Oppenheimer notified Marinalife of the allegations set forth herein on July 30, 2024 and August 23, 2024. To date, the parties have failed to resolve this matter.

24.     When Marinalife reproduced, distributed, and displayed the Work, Plaintiff's visible watermark CMI, embedded metadata CMI, and caption-based CMI were absent from Marinalife's published versions of the Work. Upon information and belief, Marinalife removed, altered, cropped, omitted, suppressed, or caused the removal or omission of Plaintiff's CMI in a manner that concealed, enabled, or facilitated its infringement of Plaintiff's rights.

25.     Oppenheimer never gave Marinalife permission or authority to remove CMI from the Oppenheimer Work.

26.     Marinalife was, at times relevant to this action, a commercial publisher and media company that regularly published digital and print magazine, advertising, and promotional content. Upon information and belief, Marinalife knew or had reasonable grounds to know that removing or omitting CMI from a photograph used in a commercial print and online publication would conceal, enable, or facilitate infringement of Plaintiff's rights.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

## COUNT I
## COPYRIGHT INFRINGEMENT

27.     Plaintiff incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     Plaintiff owns a valid copyright in the Work.

29.     Plaintiff registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30.     Marinalife reproduced, distributed, and displayed the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

31.     Marinalife performed the acts alleged in the course and scope of its business activities.

32.     Defendant's acts were willful.

33.     Plaintiff has suffered damages as a direct and proximate result of Marinalife's infringement.

34.     Oppenheimer has suffered monetary damages, irreparable injury to his business, reputation, and goodwill, harm to the licensing value and market integrity of the Work, and loss of control over the authorized use and attribution of his photography.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AND DISTRIBUTION OF COPIES WITH REMOVED CMI

35.     Oppenheimer incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36.     The Work at issue in this case contained multiple forms of CMI, including visible watermark CMI, embedded metadata CMI, and caption-based CMI identifying Oppenheimer as the author and copyright owner of the Work.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

37.    Marinalife, without Plaintiff's authority, intentionally removed, altered, cropped out, omitted, suppressed, or caused the removal or alteration of Plaintiff's CMI from the Work in violation of 17 U.S.C. § 1202(b)(1).

38.    Marinalife distributed and publicly displayed copies of the Work in print and online, knowing that Plaintiff's CMI had been removed or altered without Plaintiff's authority, in violation of 17 U.S.C. § 1202(b)(3).

39.    Marinalife committed these acts knowing or having reasonable grounds to know that its conduct would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

40.    Upon information and belief, Marinalife caused, directed, authorized, or materially participated in these acts through its employees, agents, contractors, designers, printers, publishers, digital publication vendors, or other persons acting at Marinalife's direction or for Marinalife's benefit, knowing, or having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

41.    Oppenheimer has suffered damages.

42.    Oppenheimer has suffered monetary damages, irreparable injury to his business, reputation, goodwill, licensing market, and ability to control attribution, licensing, and enforcement of his rights in the Work.

WHEREFORE, Plaintiff DAVID GORDON OPPENHEIMER respectfully requests that this Court enter judgment against Defendant MARINALIFE, INC. as follows:

a.    Marinalife and its officers, agents, servants, employees, affiliated entities, and all of those in active concert or participation with them, be preliminarily and

**SRIPLAW**
Cᴀʟɪғᴏʀɴɪᴀ ♦ Fʟᴏʀɪᴅᴀ ♦ Gᴇᴏʀɢɪᴀ ♦ Iɴᴅɪᴀɴᴀ ♦ Nᴇᴡ Yᴏʀᴋ ♦ Tᴇɴɴᴇssᴇᴇ

permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

        b.      Marinalife be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, including any other monetary relief available under the Copyright Act and DMCA, or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504 and statutory damages for each DMCA violation under 17 U.S.C. § 1203(c);

        c.      Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

        d.      Plaintiff be awarded pre- and post-judgment interest; and

        e.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

Dated: June 5, 2026

Respectfully submitted,

THE LAW OFFICES OF RONALD S. CANTER, LLC


*/s/ Ronald S. Canter*
Ronald S. Canter, Esq. (#01024)
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com

And


*/s/ George N. Colville*
GEORGE N. COLVILLE (*Pro Hac Vice Forthcoming)*
FL Bar Number: 1060046
george.colville@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 212
Boca Raton, Florida 33433
786.297.8709 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE